# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM E. YOUNG,**

        **Plaintiff,**

**-vs-**             **Case No. 6:05-cv-1525-Orl-18KRS**

**THE STATE OF FLORIDA, THE
CIRCUIT COURT OF ORANGE
COUNTY, THE NINTH JUDICIAL
CIRCUIT,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   On October 12, 2005, William E. Young, appearing *pro se*, filed a complaint against the State of Florida and "The Circuit Court of Orange County, The Ninth Judicial Circuit" (collectively "the defendants"), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Young's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Hamaas v. Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

## I.    STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard

applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a

claim on which relief may be granted under section 1915(e)(2)(B).  Under this standard, a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).  "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must

be mindful that the Federal Rules require only that the complaint contain 'a short and plain

statement of the claim showing that the pleader is entitled to relief[.]'"  *United States v. Baxter*

*Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, it is not the

Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal

Rules of Civil Procedure.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993);

*see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still

meet minimal pleading standards.").

## II.    ANALYSIS.

In sum, Young alleges that he was sentenced by the State of Florida "to two 1 year

sentence[s]" in "violation of the Blockburger rule of double jeopardy standards."  Doc. 1, at 5-8.

On August 11, 2004, Young filed a complaint in this Court asserting the same grounds for relief

against the same defendants named in the present action.  *See Young v. Ninth Judicial Circuit*, 6:04-cv-1217-JA-JGG (M.D. Fla. 2004) (doc. no. 1).  Following a Report and Recommendation issued by the Honorable James G. Glazebrook, United States Magistrate Judge, the presiding District Judge, the Honorable John Antoon, II, dismissed Young's complaint as frivolous pursuant to 28 U.S.C. § 1915(e).  *Id*. (doc. nos. 8-9).

I respectfully recommend that the Court adopt Judge Antoon's frivolousness determination and dismiss Young's Complaint in this matter pursuant to 28 U.S.C. § 1915(e).  I further recommend that the Court deny the pending motion for leave to proceed *in forma pauperis* (doc. no. 2).  Should Young seek to file an amended complaint, I recommend that the Court order him to file a motion for leave to file an amended complaint addressing whether the proposed amended complaint is barred by *res judicata* to the extent that it is the same as or substantially similar to the complaint in the present case and the complaint dismissed by Judge Antoon.  *Cf. Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2nd Cir. 2002) (holding that a dismissal under § 1915(e) has a *res judicata* effect on subsequent *in forma pauperis* petitions based on same allegations as original complaint); *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) ("Although a § 1915[(e)] dismissal does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915[(e)] dismissal has *res judicata* effect 'on frivolousness determinations for future *in forma pauperis* petitions.'")(quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

**III.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the complaint be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e), and that the pending motion for leave to proceed *in forma pauperis* (doc. no. 2) be denied.  I further recommend that if Young seeks leave to file an amended complaint, the Court order him to file a motion for leave to file an amended complaint addressing whether the proposed amended complaint is barred by *res judicata* to the extent that it is the same as or substantially similar to the complaint in the present case and the complaint dismissed by Judge Antoon.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 20, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy